IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-646-BO-KS

| | |
|---|---|
| TRACY MCGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MARTIN O'MALLEY, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on plaintiff's complaint seeking review of the final decision of the Commissioner of Social Security and entry of judgment in her favor. [DE 1]. The appropriate briefs pursuant to the Supplemental Rules for Social Security have been filed, [DE 16, 18], and a hearing was held before the undersigned on September 30, 2024, at Raleigh, North Carolina. [DE 21]. In this posture, the matter is ripe for disposition. For the reasons that follow, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for supplemental security income pursuant to Title XVI of the Social Security Act. Tr. 23, 237, 239-69. Plaintiff protectively filed her application on October 22, 2019, alleging a disability onset date of May 22, 2019. Tr. 23. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ) on October 4, 2022, after which the ALJ issued an unfavorable ruling. Tr. 20-37. The decision of the ALJ became the decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Tr. 6-9. Plaintiff then sought review of the Commissioner's decision in this Court. [DE 1].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do his previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

Case 5:23-cv-00646-BO-KS   Document 22   Filed 10/15/24   Page 2 of 5

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her application date. Tr. 25-26. Then, at step two, the ALJ found that plaintiff had the following severe impairments: "breast cancer; degenerative disc disease; degenerative joint disease; thrombocytopenia; headaches; hypertension; neuropathy; chronic pain syndrome; and obesity." Tr. 26 (citing 20 C.F.R. § 416.920(c)). At step three, the ALJ determined that plaintiff's impairments did not meet or medically equal the severity of a Listing. Tr. 26-28 (citing 20 CFR §§ 416.920(d), 416.925 and 416.926). Next, at step four, the ALJ made an RFC finding that plaintiff could perform light work as defined within 20 C.F.R. § 416.967(b) with certain restrictions. Tr. 28-35. Lastly, at step five, the ALJ determined that based on plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy which plaintiff could perform. Tr. 35-36. These jobs included cashier II, marker, or housekeeping cleaner. Tr. 35-36. Accordingly, the ALJ concluded that plaintiff was not disabled as of the date of the decision. Tr. 36-37.

On appeal before this Court, plaintiff alleges that the ALJ failed "to properly evaluate the medical opinion evidence from [p]laintiff's treating provider, Ms. Ashley Hardee, Nurse Practitioner." [DE 16]. The Court disagrees with plaintiff's contention. *See Perales*, 402 U.S. at 401.

Under the regulations applicable to plaintiff's claim, controlling weight is assigned to the opinions of treating physicians or providers when the opinion is well supported and not inconsistent with the substantial evidence in the record. Tr. 34 (citing 20 C.F.R. § 404.1520c(b)(22)). The ALJ considered – and rejected – Ms. Hardee's opinion regarding plaintiff's difficulty with attention, walking, standing, and sitting, because her "opinions [we]re unpersuasive." Tr. 35. As the ALJ explained, Ms. Hardee's "clinical treatment notes . . . do not support the limitations" that Ms. Hardee proffered. Tr. 35. In reaching this conclusion, the ALJ highlighted how Ms. Hardee's opinion was inconsistent with the record evidence. For example, although Ms. Hardee contended that plaintiff "experienced symptoms that interfered with the attention and concentration needed to perform even simple work tasks," the ALJ noted that "[t]he record does not show a disturbance of attention and concentration." Tr. 35. And while Ms. Hardee submitted that plaintiff had walking limitations and needed to elevate her legs twice a day, the ALJ explained that, according to the record evidence, plaintiff's "[g]ait was consistently normal," and her "[e]xams do not show persistent edema or other evidence to support leg elevation." Tr. 35. *See, e.g.*, Tr. 275, 388, 401, 406, 855 (documenting plaintiff's gait as "[s]teady," "[w]ithin normal limits," and "[n]ormal"). As such, the Court concludes that the ALJ did not err in the evaluation of Ms. Hardee's medical opinion. *See Perales*, 402 U.S. at 401.

4

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the Commissioner's decision is supported by substantial evidence, and that the correct law was applied. *See Perales*, 402 U.S. at 401. The decision of the Commissioner is therefore AFFIRMED. The clerk shall enter judgment in favor of defendant and close the case.

SO ORDERED, this _10_ day of October 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE